UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE: CHRISTOPHER ROBIN VINCENT          CASE NO. 08-51032-07

## **MOTION TO COMPROMISE**

COMES NOW, PAUL N. DEBAILLON, TRUSTEE, through undersigned counsel, who represents:

I.

The trustee is presently pursuing litigation involving theft of intellectual property, confidential business information, plans and ideas and breach of contract against several parties.

II.

The trustee has entered into a compromise with one of the parties, Amvest Financial Group Inc. The parties have entered into an agreement to be approved by the Court, a copy of which is attached. The terms of the compromise include payment by Amvest to the estate in the sum of $20,000.00 upon approval of this agreement and shall make additional payments as follows:

| | | |
|---|---|---|
| 2nd payment- | $2,000.00 | on or before September 15, 2011 |
| 3rd payment- | $3,000.00 | on or before December 15, 2011 |
| 4th payment- | $6,000.00 | on or before March 15, 2012 |
| 5th payment- | $7,000.00 | on or before June 15, 2012 |
| 6th payment- | $7,000.00 | on or before September 15, 2012 |
| 7th payment- | $8,000.00 | on or before December 15, 2012 |
| 8th payment- | $8,250.00 | on or before March 15, 2013 |

III.

The agreement further provides that should Amvest fail to make any required payment under the terms of the agreement, that the full, entire amount will automatically and immediately become due and owing to the estate.

IV.

In return for the payment, the trustee would be releasing Amvest from any and all liability and will dismiss Amvest from the litigation, with prejudice.

V.

The trustee's counsel in the litigation has reviewed the terms of the agreement with the trustee and recommended that the Court approve the agreement, considering the risk of loss, cost of litigating forward as well as the ability to make payment upon any judgment obtained.

VI.

The trustee shows that the proposed compromise is reasonable and benefits the estate and requests that the Court approve the compromise.

WHEREFORE, Paul N. DeBaillon, Trustee, prays that the Court approve the compromise as outlined above.

_____
PAUL N. DEBAILLON, TRUSTEE
P. O. Box 51387
201A Travis Street
Lafayette, LA 70505
(337) 237-0598; fax (337)233-8867

## CERTIFICATE OF SERVICE

I hereby certify that I have forwarded a copy of Motion to Compromise by placing same in the U. S. Mail, postage pre-paid and properly addressed this 4th day of March, 2010 to the following parties:

Office of the U. S. Trustee
300 Fannin Street, Suite 3196
Shreveport, LA 71101

Mr. Chane P. Menard
Attorney at Law
P. O. Box 3701
Lafayette, LA 70501-3701

Mr. Guy K. Cooksey
Mr. Michael Phifer
952 Echo Lane, Suite 140
Houston, TX 77024

_____
PAUL N. DEBAILLON
P. O. Box 51387
201A Travis Street
Lafayette, LA 70505
(337) 237-0598; fax (337)233-8867

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into by the following parties: Plaintiff Paul N. DeBaillon, in his capacity as United States Trustee of the Chapter 7 Bankruptcy Estate of Christopher Vincent ("Trustee"); Plaintiff Christopher Vincent ("Vincent"); and Defendant Amvest Financial Group, Inc. ("Amvest") (collectively "the Parties").

## RECITALS

WHEREAS, the Trustee has asserted claims against Amvest in a case styled *Paul N. DeBaillon, in his capacity at United States Trustee of the Chapter 7 Bankruptcy Estate of Christopher Vincent, and Christopher Vincent v. Yellowstone Landscape Group, Inc., Gridiron Capital, L.L.C., and Amvest Financial Group, Inc.,;* Cause No. 2009-19420 in the 11th Judicial District of Harris County, Texas (the "Lawsuit");

WHEREAS, Vincent remains a plaintiff in the Lawsuit as a party with rights to assert causes of action if and when the bankruptcy is closed, which contingency has not occurred.

WHEREAS, being mindful of the risks and hazards of litigation and the costs incident thereto, the Parties desire to affect a compromise and settlement of the Lawsuit and to enter into this Agreement for that purpose.

## AGREEMENTS

NOW THEREFORE, in consideration of the recitals, covenants, promises, releases and for other good and valuable consideration, the adequacy and receipt of which is hereby acknowledged, and with the intent to be bound thereby, the Parties agree as follows:

1. **Submission of this Agreement to the Bankruptcy Judge**: Upon the signature hereto of Amvest's authorized representative and the Trustee's signature agreeing to submit this Agreement for approval as set forth herein, the Trustee shall file in the United States Bankruptcy Court for the Western District of Louisiana, Lafayette-Opelousas Division all documents necessary to seek approval of this Agreement and shall get such matter set for presentation to the bankruptcy judge presiding over Case Number 08-51032-07 (the "Bankruptcy Judge") on the earliest available date following the required statutory notice period . This Agreement shall become effective only if and when approval is obtained from the Bankruptcy Judge.

2. **Payment by Amvest:** Upon approval of this Agreement by the Bankruptcy Judge, Amvest shall pay to the Trustee $20,000.00 (the "Initial Payment"). Amvest shall pay the Trustee $2,000.00 on or before September 15, 2011 (the "Second Payment"). Amvest shall pay the Trustee $3,000.00 on or before December 15, 2011 (the "Third Payment"). Amvest shall pay the Trustee $6,000.00 on or before March 15, 2012 (the "Fourth Payment"). Amvest shall pay the Trustee $7,000.00 on or before June 15, 2012 (the "Fifth Payment"). Amvest shall pay the Trustee $7,000.00 on or before September 15, 2012 (the "Sixth Payment"). Amvest shall pay the Trustee $8,000.00 on or before December 15, 2012 (the "Seventh Payment"). Amvest shall pay

the Trustee $8,250.00 on or before March 15, 2013 (the "Eighth Payment"). The Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Payments are collectively, the "Remaining Amount."

3. In the event that Amvest fails to make any required payment within thirty (30) days of the due date for the payment, Amvest will be in default under this Agreement and the entire unpaid amount of the Remaining Amount will automatically immediately become due and owing to the Trustee.

4. **Release by Vincent and the Trustee:** As a part of the inducement for Amvest to make the Initial Payment and the Remaining Amount, immediately upon approval of this Agreement by the Bankruptcy Judge, Vincent and the Trustee release, acquit and forever discharge Amvest, and its officers, directors, partners, principals, shareholders, employees, representatives, affiliates, consultants, agents, successors and assigns ("Amvest Parties") from any and all claims, demands, losses and damages, known or unknown, fixed or contingent, liquidated or unliquidated, arising from or related to the events and transactions that are the subject of the Lawsuit and any other claim whatsoever, past or present, through the date of this Agreement including, without limitation, any claims, demands, losses or damages brought, or that could have been brought, in the Lawsuit ("Loss"), **REGARDLESS OF WHETHER ANY SUCH LOSS IS CAUSED, OR ALLEGED TO BE CAUSED, IN WHOLE OR IN PART, BY THE NEGLIGENT ACTS OR OMISSIONS, NEGLIGENT MISREPRESENTATION, FRAUD OR BREACH OF CONTRACT OR OTHER LEGAL DUTY BY ONE OR MORE OF THE AMVEST PARTIES.** The term "Loss" includes any and all claims, damages and loss of any nature (including without limitation, claims for personal injury, death, property damage or economic loss; and whether direct claims, cross-claims, counterclaims or claims for contribution or indemnity) and any expense (including without limitation reasonable attorney's and experts' fees and costs of litigation and defense), arising from or related to the events and transactions that are the subject of the Lawsuit, past or present, through the date of this Agreement including, without limitation, any claims, demands, losses or damages brought, or that could have been brought, in the Lawsuit.

5. **Release by Amvest:** Immediately upon approval of this Agreement by the Bankruptcy Judge, Amvest releases, acquits and forever discharges Vincent and the Trustee, and their officers, directors, partners, principals, shareholders, employees, representatives, affiliates, consultants, agents, successors and assigns from any and all claims, demands, losses and damages, known or unknown, fixed or contingent, liquidated or unliquidated, arising from or related to the events and transactions that are the subject of the Lawsuit and any other claim whatsoever, past or present, through the date of this Agreement including, without limitation, any claims, demands, losses or damages brought, or that could have been brought, in the Lawsuit ("Loss"). The term "Loss" includes any and all claims, damages and loss of any nature (including without limitation, claims for personal injury, death, property damage or economic loss; and whether direct claims, cross-claims, counterclaims or claims for contribution or indemnity) and any expense (including without limitation reasonable attorney's and experts' fees and costs of litigation and defense), arising from or related to the events and transactions that are the subject of the Lawsuit, past or present, through the date of this Agreement including, without limitation, any claims, demands, losses or damages brought, or that could have been brought, in the Lawsuit.

6. **Notice of Dismissal with Prejudice:** The Trustee agrees to file a Notice of Dismissal With Prejudice in Cause No. 2009-19420 in the 11th Judicial District Court of Harris County, Texas dismissing Amvest with prejudice within five (5) days of approval of this Agreement by the Bankruptcy Judge. The Trustee also agrees to file a Notice of Dismissal With Prejudice in Cause No. 2009-19420 in the 11th Judicial District Court of Harris County, Texas dismissing Amvest Financial Group-Delaware, Inc. with prejudice within five (5) days of approval of this Agreement by the Bankruptcy Judge.

7. **Deposition of Oppenheimer:** Charlie Oppenheimer ("Oppenheimer") will be made available to Plaintiffs for his deposition in Missouri after the Bankruptcy Judge has made a decision regarding whether to approve this Agreement. Amvest will not oppose Oppenheimer being deposed by Vincent after the current March 1, 2011 discovery deadline. In the event that the Bankruptcy Judge does not approve this Agreement, Vincent is not prejudiced from requesting Oppenheimer's deposition.

8. **Continuance:** In the event that the Bankruptcy Judge does not approve this Agreement by March 1, 2011, Amvest may move for a continuance of the trial in the Lawsuit, and Vincent and the Trustee will not oppose such a continuance.

9. **Authority:** Each signatory hereto warrants and represents that (a) he/she has the authority to bind the parties for whom that signatory acts; and (b) the claims, suits, rights and/or interests which are the subject matter of the Lawsuit are owned by the party asserting same, have not been assigned, transferred or sold, and are free of encumbrances.

10. **Governing Law:** This Agreement is to be construed, interpreted, and enforced under the laws of the State of Texas.

11. **Amendments:** This Settlement Agreement may not be altered or amended except as may be mutually agreed to in writing by the Parties.

12. **Execution in Counterparts:** This Agreement may be signed in separate counterparts by facsimile, each of which shall constitute an original.

13. **Entire Agreement:** The Parties agree that this Agreement sets forth the entire integrated agreement between them concerning the subject of this Agreement and supersedes all prior and contemporaneous agreements, understandings, inducements, or conditions, expressed or implied, oral or written. No modifications, amendments, or changes to this Agreement shall be valid unless in writing and signed by an authorized representative of the Parties.

14. **Successors:** It is understood and agreed that this Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, representatives, successors, and assigns.

15. **Voluntary Execution:** The Parties executing this Agreement represent, warrant and acknowledge that both they and their attorneys have read this Agreement, that they have consulted with their attorneys regarding this Agreement, that they are authorized to execute this Agreement, that there may be facts pertaining to the subject matter of this Agreement of which they are not presently aware but that they assume the risk of entering into this Agreement

notwithstanding, that this Agreement is binding on them and their respective entities after execution by them, and that they execute this Agreement voluntarily and without reliance upon any representation of any kind or character not expressly set forth herein.

16. **No Admission of Liability**: It is fully understood by the Parties that the terms of this Agreement are contractual, that the Agreement is made in compromise, resolution, and settlement, that such compromise, resolution, and settlement and this Agreement shall not be taken as an admission of liability of any kind or character by any of the Parties, and that such liability is expressly denied by the Parties. This Agreement shall not be admissible in any proceeding or cause of action as an admission of liability by any of the Parties.

17. **Construction of Agreement**: All Parties have contributed to the drafting of this Agreement and have had an opportunity to consult with legal counsel of their choice and to change any provision within this Agreement prior to its execution. In the event of any dispute arising among the Parties in connection with this Agreement, it is the intent of the Parties that no party shall be entitled to have any wording of this Agreement construed either in favor of or against any other party based on the fact that such party is alleged to have been the drafter of the Agreement.

18. **Severability**: This Agreement is intended to be performed in accordance with, and only to the extent permitted by, all applicable legal requirements. If any provision of this Agreement or the application of this Agreement to any person or circumstance shall for any reason and to any extent, be invalid or unenforceable, the part of this Agreement in which such provision is contained, the remainder of this Agreement, and the application of such provision to other persons or circumstances shall not be affected thereby, but rather shall be enforced to the greatest extent permitted by law.

19. **Costs**: The Parties agree that each party is responsible for its own attorney fees and costs related to the Lawsuit, related proceedings before the Bankruptcy Judge, and this Agreement.

To evidence its assent to the terms of this Agreement, Vincent has executed this Agreement as set forth below:

**CHRISTOPHER VINCENT**

_____**Date:**_____

To evidence his agreement to submit this Agreement for approval of the Bankruptcy Judge as provided for herein, Paul N. DeBaillon, in his capacity as United States Trustee of the Chapter 7 Bankruptcy Estate of Christopher Vincent, signs below:

PAUL N. DEBAILLON

_____ Date: 2/24/11

Title: United States Trustee of the Chapter 7 Bankruptcy
Estate of Christopher Vincent


Upon the Bankruptcy Judge's approval for him to sign and enter this Agreement, Paul N. DeBaillon, in his capacity as United States Trustee of the Chapter 7 Bankruptcy Estate of Christopher Vincent, executes this Agreement as set forth below:

_____ Date: 2/24/11

Title: United States Trustee of the Chapter 7 Bankruptcy
Estate of Christopher Vincent

KCP-4100086-1

08-51032 - #51  File 03/04/11  Enter 03/04/11 14:42:36  Main Document  Pg 9 of 10

To evidence its assent to the terms of this Agreement, Amvest Financial Group, Inc. has executed this Agreement as set forth below:

## AMVEST FINANCIAL GROUP, INC.

_____ Date: _____

By: _____
Title: _____

KCP-4100086-1